NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| BRIAN HERNDON, | : | |
| | : | |
| Petitioner, | : | Civil No. 11-04852 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DONNA ZICKEFOOSE, | : | |
| | : | |
| Respondent. | : | |

This matter comes before the Court on the petition of Brian Herndon ("Petitioner") for Writ of Habeas Corpus under 28 U.S.C. §2241. Petitioner challenges the length of his sentence and argues that he should receive credit for the time he spent in home confinement prior to being sentenced. Because the Court lacks subject matter jurisdiction to hear this petition, the petition is DISMISSED.

I.    BACKGROUND

Petitioner was sentenced on January 12, 2009, in the United States District Court for the District of Connecticut, to a 72-month term of imprisonment for Possession of Child Pornography. Petitioner filed a notice of appeal on January 14, 2009. On January 28, 2010, the United States Court of Appeals for the Second Circuit affirmed the district court's judgment.

On December 16, 2010, Petitioner filed a motion in the district court to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. Petitioner moved to vacate, set aside, or correct his sentence alleging ineffective assistance of counsel at various stages of the litigation,

prosecutorial misconduct, a biased jury, Fourth and Fifth Amendment violations, and that his prison sentence was unreasonable. That petition appears to remain pending before the Honorable Robert N. Chatigny of the United States District Court for the District of Connecticut.

On August 24, 2011 Petitioner filed a Habeas petition with this Court under 28 U.S.C. §2241. In the petition, Petitioner challenges his release date, arguing that he should receive credit for the 319 days that he spent in home confinement prior to being sentenced.

II.     DISCUSSION

Although Petitioner has filed this matter as a Habeas petition under 28 U.S.C. §2241,[1] it is properly a §2255 motion to amend, set aside, or correct his sentence. See Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution"). 28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The statute "was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court." U. S. v. Addonizio, 442 U.S. 178, 185 (1979). Thus, federal prisoners who wish to challenge federal sentences must do so in "the court which imposed the sentence" (emphasis added) 28 U.S.C. § 2255. The District Court for the District of Connecticut imposed Petitioner's sentence and is therefore the proper court to hear a §2255 motion.

---

[1] Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to §2241. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). There is no dispute that Petitioner has fulfilled this requirement. See Decl. of Tara Moran, ¶4.

A non-sentencing Court may exercise jurisdiction over a § 2255 motion by construing it as a § 2241 petition. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). However, such construction is proper only if a §2255 motion would be "inadequate or ineffective." In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). A motion under §2255 is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538-39. This is not the case here.

Accordingly, this Court is without jurisdiction to hear this petition and the case is dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the petition for Writ of Habeas Corpus under 28 U.S.C. §2241 is DISMISSED. An appropriate order shall issue today.

Dated: 3/11/2013                                    /s/ Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge